UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KEVIN CROWDER,

                                  Petitioner,

      -against-

ROBERT ERCOLE, Superintendent,

                                Respondent.
------------------------------------------------------------X

NOT FOR PUBLICATION
**ORDER**
09-cv-3401 (CBA)

**AMON, Chief United States District Judge**.

Petitioner Kevin Crowder, *pro se*, moves for discovery and to enlarge the record pursuant to Rules 6 and 7 of the Federal Rules Governing Section 2254 Cases. He seeks documents related to his criminal conviction in state court. Specifically, he seeks (1) grand jury minutes; (2) grand jury voire dire; (3) the grand jury vote sheet; (4) preliminary hearing minutes; (5) the felony complaint with attached sworn depositions; (6) the warrant for his arrest with attached sworn depositions; (7) the indictment with attached sworn depositions; (8) the presentence report; (9) the motion to dismiss the indictment filed by his defense counsel; (10) the answer to the motion to dismiss filed by the prosecution; (11) the trial court's decision on the motion to dismiss the indictment; (12) predicate hearing minutes; (13) the order of protection filed against the petitioner; (14) the prosecutor's complete file and investigators' notes in the case; and (15) a bill of particulars.

Crowder's avers that "the requested documents are necessary [to] support the claims alleged in the petition and illustrate that the people committed misconduct by obtaining a jurisdictionally defected conviction . . . ." Mot. at 1. On November 4, 2011, the Court directed Respondent to respond to Crowder's motion. Respondent did so on November 18, 2011.

1

Under Rule 6 of the Rules Governing Section 2254:

> (a) . . . A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.
>
> . . . .
>
> (b) . . . A party requesting discovery must provide reasons for the request.

The Supreme Court has held that a petitioner shows good cause by making "specific allegations [that] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997).

Crowder has provided nothing more than a generalized statement that the requested material is necessary to his claim that the state court of conviction was without jurisdiction. As the basis for this claim appears to be that "the indictment failed to state the correct Penal Law section of the crime of Criminal Contempt in the first degree or allege any Penal Law Code Section on the jury Foreman's pages," Pet. at 14, the Court cannot see how any of the items he has requested (other than the indictment) would support his claim. As a general matter, Crowder has not explained what evidence discovery might reveal or what basis he has to believe that such evidence is contained within the documents he seeks. Moreover, his request is overbroad and vague. Respondent is therefore correct that Crowder has not carried the "heavy burden in establishing a right to discovery," *Renis v. Thomas*, 2003 WL 22358799, at *2 (S.D.N.Y. 2003).

The Court notes, however, that several of the items requested by Crowder—the complaint and indictment, for instance—are basic trial-related documents that were likely part of the various state court records generated by Crowder's appeals and are broadly relevant to the instant petition. These and other items—namely the order of protection as well as various documents related to Crowder's arrest and criminal history—are part of the record currently before the

Court. Presumably, Crowder has misplaced these items, as well as records Respondent says were provided to Crowder prior to his trial.

The Court has mailed copies of the documents currently in the record to Crowder. It notes that this small courtesy is one that Respondent could easily have undertaken. The remainder of Crowder's motion is denied.

SO ORDERED.

Dated: Brooklyn, N.Y.
 November 10, 2011

/s/
Carol Bagley Amon
Chief United States District Judge